**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                      Case No. 25-60723

Elvis Blazevic,
Nicole Lynn Leigh Blazevic,                                     Chapter 7

Debtors.

**ORDER DENYING CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

This case came before the Court on the Chapter 7 Trustee's Motion Objecting to a Claimed Exemption. ECF No. 17. The Debtors filed a response. ECF No. 20. On February 4, 2026, the Court held an initial hearing on the motion. Audio at ECF No. 24. The Court also heard arguments on February 11, 2026. Audio at ECF No. 26. At both hearings, Gene Doeling appeared as the Chapter 7 Trustee, and Sarah Juberian appeared for the Debtors.

The Trustee objects to the Debtors' claimed exemption of an all-terrain vehicle ("ATV") under Minnesota Statutes Section 550.37, subdivision 27. This subdivision allows debtors to exempt their "aggregate interest, not to exceed $3,000, in household tools and equipment, including but not limited to hand and power tools, snow removal equipment, and lawnmowers." Minn. Stat. § 550.37, subd. 27. The Debtors claim to use the ATV exclusively for snow removal. ECF No. 20 at 2, 5. The ATV has a plow attachment, which the Debtors claim is never removed. ECF No. 20 at 2, 11. Therefore, the Debtors argue that the ATV qualifies as snow removal equipment and may be exempted under Subdivision 27.

The Trustee concedes that the plow attached to the ATV is snow removal equipment. ECF No. 24 at 01:25–35. However, the Trustee argues the ATV itself cannot qualify as snow removal equipment. ECF No. 24 at 01:34–02:58. The Trustee makes two primary arguments.

1

First, the Trustee argues that ATVs are motor vehicles and, thus, cannot be exempted as household tools or equipment. ECF No. 26 at 05:27–11:12; cf. § 550.37, subd. 12a. Second, the Trustee argues that the purpose of an ATV, and not how the Debtors use this particular ATV, determines whether an ATV is a household tool or equipment. ECF No. 26 at 20:00–56; 24:04–58; 25:41–26:12. The Trustee asserts that ATVs are meant for recreation and, thus, can never be exempted under Subdivision 27. ECF No. 26 at 10:50–12:04; 20:30–21:10; 25:00–41.

In contrast, the Debtors argue it does not matter that an ATV is a motor vehicle so long as this particular ATV is used as a household tool or equipment. ECF No. 26 at 26:58–27:50. The Debtors argue the proper inquiry is how these Debtors use this ATV and not whether ATVs as a whole have other potential uses. ECF No. 26 at 00:30–3:55; 06:50–07:28; 19:00–49; 20:56–22:15; 26:18–58; 27:50–28:20. As the Court noted on the record, the inquiry then would focus on the factual question of how the Debtors use this ATV. ECF No. 24 at 08:00–50.

The Court elected (and the parties agreed) to treat the Trustee's motion as a motion for summary judgment on which no additional briefing was necessary. ECF No. 24 at 09:28–11:25. The Court took the matter under advisement. ECF No. 24 at 11:25–29.

The proper interpretation of Section 550.37, Subdivision 27 appears to be an issue of first impression. As the Court will explain, this dispute raises genuine issues of material fact on which an evidentiary hearing is necessary. Therefore, the Court denies summary judgment.

## LEGAL STANDARD

Federal Rules of Bankruptcy Procedure 9014 and 7056 make Federal Rule of Civil Procedure 56 apply to contested matters. Therefore, summary judgment is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (quoting Fed. R.

Civ. P. 56(c)). Summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he Court views the facts in the light most favorable to the nonmoving party and allows that party the benefit of all reasonable inferences to be drawn from the evidence." Primerica Life Ins. Co. v. Woodall, 975 F.3d 697, 699 (8th Cir. 2020) (quoting Prudential Ins. Co. v. Hinkel, 121 F.3d 364, 366 (8th Cir. 1997)).

### DISCUSSION

Within the summary judgment framework, the Trustee's arguments are as follows. First, Subdivision 27 does not expressly include motor vehicles. Therefore, the Trustee is entitled to judgment as a matter of law because the Debtors concede the ATV is a motor vehicle. Second, even if Subdivision 27 can include motor vehicles, an ATV can never be a household tool or equipment because ATVs are designed for recreation. Therefore, how the Debtors claim to use their ATV does not create a material fact issue. Both arguments fail.

I.    **Motor Vehicles May Be Exempted Under Subdivisions That Do Not Expressly Include Motor Vehicles.**

A judge in this district has previously concluded that a motor vehicle may be exempted under subdivisions that do not specifically mention motor vehicles. In In re Smith, a truck driver sought to exempt a semi-truck cab as a tool of his trade under Subdivision 6 of the Minnesota exemption statute. 68 B.R. 581, 582 (Bankr. D. Minn. 1986). Subdivision 6 permitted the exemption of certain items reasonably necessary in the debtor's trade, profession, or business. Id. However, Subdivision 6 made no mention of motor vehicles. See Minn. Stat. § 550.37, subd. 6 (1986). The chapter 7 trustee objected and argued that the truck was a motor vehicle and, thus, categorically did not fall within the trade exemption (citing two unpublished decisions where the court had disallowed trade exemptions of motor vehicles). Id. at 582–83.

3

The court rejected the trustee's argument, distinguished the unpublished decisions, and concluded that whether a motor vehicle fell within the trade exemption depended upon the facts of each case. Id. at 583. The court permitted the truck driver to exempt the semi-truck cab as reasonably necessary in his trade because "[a] trucker cannot truck without a truck." Id. at 584. The court also noted that tractors are motor vehicles and are frequently exempted as farm machines under Subdivision 5 of the same statute. Id. at 584 n.7. The court added: "[t]he fact that some motor vehicles are treated differently than others in various non-exemption statutes for licensing, regulatory and tax purposes is irrelevant." Id.

The Court finds Smith persuasive. The existence of a separate motor vehicle exemption does not preclude the exemption of motor vehicles under other subdivisions in appropriate cases. Smith, 68 B.R. at 583, 583 n.5; see Minn. Stat. § 550.37, subd. 12a. For example, pickup trucks and gators—which are motor vehicles—have been exempted as farm machines or implements. In re Miller, 370 B.R. 914, 916 n.2, 917–19 (Bankr. D. Minn. 2007). Tractors are also motor vehicles, and a judge in this district has previously concluded that a tractor "is clearly a farm implement or machine." In re Peters, 60 B.R. 711, 714–15 (Bankr. D. Minn. 1986). The facts of each case should be considered to determine whether a given motor vehicle can be exempted under a subdivision other than the motor vehicle exemption in Subdivision 12a. (To the extent the Trustee argues motor vehicles may be exempted only under Subdivision 12a, the motor vehicle exemption, the Trustee's argument fails for the same reasons.)

Therefore, the Debtors' concession that the ATV is a motor vehicle does not entitle the Trustee to judgment as a matter of law. The remaining question is whether a reasonable fact finder could conclude that the ATV at issue is a household tool or equipment under Subdivision 27.

4

II.     **The ATV Can Constitute A Household Tool Or Equipment If The Debtors Primarily Use It As Such.**

The Debtors claim the ATV is a household tool or equipment because they use it exclusively for snow removal. ECF No. 20 at 2, 5. Subdivision 27 allows debtors to exempt their "aggregate interest, not to exceed $3,000, in household tools and equipment, including but not limited to hand and power tools, snow removal equipment, and lawnmowers." Minn. Stat. § 550.37, subd. 27 (emphasis added). Therefore, the Debtors argue they can exempt the ATV under Subdivision 27.

The Trustee argues that an ATV can never be a household tool or equipment under Subdivision 27 because ATVs are not designed for any such use—they are designed only for recreation. The Trustee argues the Court should focus on the ATV's design and purpose—not on how the Debtors might use it. ECF No. 26 at 20:00–56; 24:04–58; 25:41–26:12. However, the Court will not assume, without evidence, that ATVs are designed and intended only for recreation. The Trustee presented no evidence that an ATV's only purpose is recreational. But, as discussed below, it does not matter.

A. **A Reasonable Fact Finder Could Conclude That The Debtors' ATV Is A Household Tool Or Equipment**

The Minnesota exemption statute is liberally construed in favor of debtors. De Coster v. Nenno, 213 N.W. 538, 539 (Minn. 1927); In re Hardy, 787 F.3d 1189, 1192 (8th Cir. 2015). Many Minnesotans live in rural areas where shoveling a long driveway or using a snowblower is impractical. Many Minnesotans are elderly, have varying degrees of physical disability, are unable to use a shovel or a snowblower, or do not have a truck to which a plow can be attached. The Trustee argues that the plow attachment can be exempted but not the ATV. ECF No. 24 at 01:25–02:58. However, the plow blade would not be of any use on its own. The Trustee also argues that the Debtors could hire someone for snow removal. ECF No. 26 at 09:55–10:12. However,

5

individuals who have just filed for bankruptcy typically would not be financially able to pay for snow removal services.

Subdivision 27 contains no requirement that exempt household tools or equipment, subject to the $3,000 limit, must be the cheapest or most common method of accomplishing a given household task. Here, the Debtors claim to use their ATV exclusively for snow removal. ECF No. 20 at 2, 5. The ATV has a plow attachment. Id. at 11. As stated above, the ATV's status as a motor vehicle does not prevent Subdivision 27's application. A reasonable fact finder could conclude that such an ATV is a household tool or equipment within the meaning of Subdivision 27. As such, summary judgment is inappropriate.

The Court is not convinced that the Debtors need to show exclusive use for snow removal or other household tasks. The Debtors could use the ATV occasionally to visit their neighbors but still primarily use the ATV as a household tool or equipment. Giving children a ride around one's property on a riding lawnmower does not mean the lawnmower is no longer exemptible under Subdivision 27. Similarly, giving hayrides to children with a tractor does not mean the tractor is not farm equipment. An exclusive use requirement would be too restrictive, and Subdivision 27 does not contain one. Primary use as a household tool or equipment would suffice under Subdivision 27.

The Trustee also argues that allowing an ATV used for snow removal to be exempted will allow debtors to exempt pickup trucks or other items. ECF No. 24 at 01:20–02:58; ECF No. 26 at 12:04–23; 17:07–48. Of course, those issues are not presently before the Court. Nonetheless, Subdivision 27 includes a $3,000 total limit that will prevent substantial abuse of the exemption, and an item would have to be used primarily as a household tool or equipment. The Trustee's real quarrel is with the Minnesota Legislature using broad language to exempt snow removal

equipment to ensure that Minnesotans are able to leave their homes during the long Minnesota winter.

Another bankruptcy court concluded that an evidentiary hearing was appropriate when faced with a very similar issue. In In re Arzola, the debtors lived in a semi-rural area in Idaho. 2003 WL 25273837, at *1 (Bankr. D. Idaho Apr. 10, 2003). The debtors had an ATV they claimed to use for snow removal in the winter and for weeding, road maintenance, and alfalfa clearing in the summer. Id. The debtors claimed the ATV was an exempt household good under the Idaho exemption statute. Id. However, the court's own precedent, as well as the Idaho legislature, had defined ATVs as recreational vehicles. Id. at *3. Therefore, the chapter 7 trustee objected and argued the ATV could not be exempted as a household good because it was primarily designed for recreation. Id. at *1. The trustee further argued that other exemptions were more appropriate for an ATV. Id. at *1, *3. There, as here, the court postponed receiving evidence until it had decided the legal issue under the statute. Id. at *1.

The court decided that the ATV could be a household good if the debtors proved the ATV "is used primarily to support and facilitate Debtors' day-to-day lives within their home, including for maintenance and upkeep of the home itself, and not for recreation." Id. at *3. The court rejected any per se rule and concluded the debtors should have an opportunity to offer evidence of the ATV's use. Id. The court also observed that a given item might fall within more than one category of exemptions. Id. Therefore, the court allowed the debtors to schedule an evidentiary hearing on the trustee's objection. Id. at *4.

Arzola interpreted a different exemption statute, but the facts and the parties' arguments closely resemble those at issue here. The Court agrees that debtors who claim to use an ATV

7

primarily for household tasks should have an opportunity to prove such use. Of course, the Trustee will have an opportunity to challenge the Debtors' factual claims.

## CONCLUSION

For the reasons just stated, the Court denies summary judgment on the Trustee's Motion Objecting to a Claimed Exemption. The Court will set an evidentiary hearing to determine whether the Debtors primarily use the ATV as a household tool or equipment. Therefore,

**IT IS ORDERED:**

1. The Court denies summary judgment on the Trustee's Motion Objecting to a Claimed Exemption.

2. The Court will set an evidentiary hearing on whether the Debtors primarily use the ATV as a household tool or equipment.

Dated: *March 27, 2026*

s/ William J. Fisher

_____

William J. Fisher
United States Bankruptcy Judge